UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERNEST VALDASTRI,

    Plaintiff,

v.                                                    Case No.:  2:25-cv-406-SPC-KCD

JOHN VALDASTRI,

    Defendant.
                                            /

## **ORDER**

Before the Court is Plaintiff Ernest Valdastri's Complaint (Doc. 1).  As outlined below, Plaintiff's complaint is dismissed without prejudice for lack of subject-matter jurisdiction.

Plaintiff invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332(a).  Diversity jurisdiction requires that the plaintiff and defendant are citizens of different states.  28 U.S.C. § 1332(a)(1).  To establish diversity of citizenship, Plaintiff alleges that he is a Florida resident and Defendant is a New Jersey resident. (Doc. 1 ¶¶ 1–2).  But residency is not the same as citizenship.  *See Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person").  Rather, a person's citizenship is determined by his "domicile," or "the place of his true, fixed, and

permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002).

Federal courts are courts of limited jurisdiction and have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y.H. Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)). "In a diversity action, the Court must ensure that the plaintiff alleges that the amount in controversy exceeds $75,000 and that the citizenship of the parties is completely diverse." *Kunce v. SPM of Alabama, LLC*, No. 6:25-CV-533-PGB-RMN, 2025 WL 974674, at *1 (M.D. Fla. Apr. 1, 2025). Because Plaintiff fails to allege the parties are *citizens* of different states, he fails to establish this Court's subject-matter jurisdiction over this action.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Ernest Valdastri's complaint (Doc. 1) is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

2. Plaintiff may file an amended complaint on or before **June 2, 2025**. **Failure to do so will cause the Court to close this case without further notice.**

2

3

**DONE** and **ORDERED** in Fort Myers, Florida on May 19, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record