UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERNEST VALDASTRI,

      Plaintiff,

v.                                Case No.:  2:25-cv-406-SPC-KCD

JOHN VALDASTRI,

        Defendant.

_____/

### ORDER

Before the Court is pro-se Plaintiff Ernest Valdastri's Amended Complaint (Doc. 6).  As outlined below, the Court dismisses without prejudice Plaintiff's amended complaint for lack of subject-matter jurisdiction.

Federal courts are courts of limited jurisdiction and have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y.H. Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)).  "In a diversity action, the Court must ensure that the plaintiff alleges that the amount in controversy exceeds $75,000 and that the citizenship of the parties is completely diverse." *Kunce v. SPM of Alabama, LLC*, No. 6:25-CV-533-PGB-RMN, 2025 WL 974674, at *1 (M.D. Fla. Apr. 1, 2025).

In his initial complaint, Plaintiff invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332(a).  But to establish diversity of citizenship, Plaintiff relied on his and Defendant's *residency* rather than citizenship, which is improper. *See Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").  So the Court dismissed the complaint without prejudice and instructed Plaintiff to rectify this deficiency.  (Doc. 5).

Plaintiff filed an amended complaint again invoking the Court's diversity jurisdiction.   But Plaintiff again alleges the parties' respective states of residence (Doc. 6 ¶¶ 1–2, 5) with no mention of citizenship.  To be fair, Plaintiff seemingly attempts to establish Defendant's domicile by alleging Defendant has resided at the same address in Middlesex County, New Jersey for the last ten years.  (Doc. 6 ¶ 2).  But even assuming this establishes Defendant's citizenship, Plaintiff still fails to allege his own citizenship.  Because Plaintiff again fails to allege the parties are citizens of different states, he fails to establish this Court's subject-matter jurisdiction over this action.[1]

---

[1] Although Plaintiff also seems to invoke the Court's federal-question jurisdiction under 28 U.S.C. § 1331 (Doc. 6 ¶¶ 8–12), this case does not involve any federal issues.  Rather, Plaintiff brings state-law fraud, conversion, and unjust enrichment claims.  (Doc. 6).  So no federal question exists.

Plaintiff has again failed to establish this Court's subject-matter jurisdiction. The Court will give him one final opportunity to do so. *See Mandala v. Tire Stickers, LLC*, 829 F. App'x 896, 903 (11th Cir. 2020) ("A district court need not allow an amendment where there has been repeated failure to cure deficiencies by amendments previously allowed." (cleaned up)).

Accordingly, it is now

**ORDERED:**

1. Plaintiff Ernest Valdastri's amended complaint (Doc. 6) is **DISMISSED without prejudice**.

2. Plaintiff may file a second-amended complaint on or before **June 16, 2025**. **Failure to do so will cause the Court to close this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on June 2, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record